IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
November 1, 2023
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JAY FERGUSON,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-ICA-289**          (Cir. Ct. Nicholas Cnty. No. CC-34-2021-C-27)

**CITY OF RICHWOOD,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jay Ferguson appeals the Circuit Court of Nicholas County's November 2, 2022, order granting summary judgment against him in his disability discrimination case against his former employer. The City of Richwood timely filed a response.[1] Mr. Ferguson did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ferguson was a Class II water treatment operator for the City of Richwood starting in 2017. Originally, his supervisor was then Chief Operator, Norma Cogar. Ms. Cogar was terminated from her employment for significant neglect of her duties which led to the water plant having difficulty maintaining proper service and fire protection for the city's citizens. After Ms. Cogar's termination, Mr. Ferguson continued to operate the plant and fill out daily reports, functioning as his own supervisor. On December 23, 2018, Mr. Ferguson suffered significant chest pains while working and was transported by ambulance to a local hospital. He was ultimately diagnosed with coronary artery disease and a heart attack, and underwent the placement of two cardiac stents. He was released from the hospital on December 26, 2018, but remained off work by order of his physician until February 10, 2019. Between December 23, 2018, and February 10, 2019, the City of Richwood placed Mr. Ferguson on paid sick leave.

---

[1] Mr. Ferguson is represented by Drew M. Capuder, Esq. Respondent is represented by Bryan R. Cokeley, Esq., and Jan L. Fox, Esq.

During Mr. Ferguson's medical leave, the City of Richwood hired three new employees in their water department. Due to the ongoing issues at the water treatment plant and because of Ms. Cogar's termination, the City of Richwood hired Frank White as its temporary Chief Operator. Mr. White was previously retired, but was re-hired with the expectation that he would return to retirement after he helped "straighten up" the existing problems. The City of Richwood hired Michael Spencer as an Assistant Chief Operator with the expectation that he would assume the Chief Operator position after Mr. White returned to retirement. The third new employee, Matt Bush, was hired on the water distribution side of the City's operations, not the water treatment operations.

Mr. Ferguson returned to work on February 10, 2019, with only a limitation to refrain from lifting more than 50 pounds. He later testified that the lifting restriction did not affect his job "since [his job was] not very physical and [he] wasn't required to lift heavy things." He returned to the same shift and duties after his medical leave, but while he was gone, Mr. White had revamped the policies and procedures at the plant, and the expectations regarding water testing and recording were increased. According to his employer, Mr. Ferguson was not compliant with new procedures, and his noncompliance became a significant performance issue. Mr. Ferguson allegedly voiced dissatisfaction with the change in procedures and expressed that he felt the old way of doing things was sufficient. In the short time between his return to work on February 10, 2019, and his discharge on April 22, 2019, Mr. Ferguson received three verbal warnings regarding his failure to adhere to written operating policies and a written warning for failure to comply with written directives.

Mr. Ferguson also failed to attend a required recertification class for his water operator's license on March 16, 2019, stating he was "[b]usy doing other things and trying to figure out what all [was] going on at the City of Richwood . . . ." His failure to attend the class led to the expiration of his water operator certification, meaning he was legally unable to perform the essential functions of his position. Moreover, Mr. Ferguson failed to inform his employer that he did not attend the class, and even included the time for the class on his timecard. The City of Richwood only learned of Mr. Ferguson's absence from the class when it received an invoice for a resulting $100 penalty, suggesting that Mr. Ferguson might never have informed his employer of his expired license and could have continued operating the plant illegally without the City of Richwood's knowledge.

On April 14, 2019, Mr. Ferguson failed to properly operate the water treatment plant, causing it to shut down twenty-six times during his thirteen-hour shift. After this incident, the City of Richwood Water Board voted to discharge Mr. Ferguson at its April 17, 2019, meeting. Mr. Ferguson was terminated for (1) receiving three verbal warnings regarding failure to adhere to written policies; (2) receiving one written warning regarding failure to adhere to written policies; (3) allowing his certification as a Class II water operator to expire; (4) failing to attend a recertification class to renew his water operator's certification; (5) reporting time on his timecard for supposedly attending a recertification

class on March 26, 2019, which he failed to attend; and (6) failing to properly operate the plant by allowing it to shut down twenty-six separate times during a thirteen-hour shift which caused the plant to run for only six hours.

On April 19, 2021, Mr. Ferguson filed a wrongful discharge suit alleging disability discrimination under the West Virginia Human Rights Act, West Virginia Code § 5-11-1, *et seq.*, alleging that the City of Richwood discharged him because of his disability (coronary artery disease and consequences of myocardial infarction), and failed to provide him with a leave of absence with a return of employment while he was recovering from his heart attack.[2] Mr. Ferguson alleged that he had a disability and that he was regarded by his employer as having a disability.

The City of Richwood filed a motion for summary judgment and Mr. Ferguson filed a response in opposition and a post-hearing brief after the circuit court conducted a hearing. The court granted the motion for summary judgment, finding that Mr. Ferguson produced no evidence that he had an impairment substantially limiting his life activities and produced no evidence that his employer regarded him as having such an impairment. It is from that order that Mr. Ferguson now appeals.

This Court accords a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4. We note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but it is to determine whether there is a genuine issue for trial." *Id*. at 190, 451 S.E.2d at 756, syl. pt. 3. We recognize that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995) (citation omitted).

---

[2] Mr. Ferguson's complaint originally included a claim for retaliation under the West Virginia Workers' Compensation Act, West Virginia Code § 23-5A-1, *et seq.*, but he later withdrew that claim so that the only issue to be resolved by the circuit court at summary judgment was the disability discrimination claim.

For a case of employment-related disability discrimination under the West Virginia Human Rights Act, a plaintiff "must prove as a prima facie case that (1) he or she meets the definition of [having a 'disability'], (2) he or she is a '[qualified individual with a disability],' and (3) he or she was discharged from his or her job." Syl. Pt. 5, *Woods v. Jefferds Corp.*, 241 W. Va. 312, 824 S.E.2d 539 (2019) (quoting Syl. Pt. 2, *Morris Mem'l Convalescent Nursing Home, Inc. v. W. Va. Hum. Rts. Comm'n*, 189 W. Va. 314, 431 S.E.2d 353 (1993)).

West Virginia Code § 5-11-3(m) (1998) defines "disability" as:

(1) A mental or physical impairment which substantially limits one or more of such person's major life activities. The term 'major life activities' includes functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; (2) A record of such impairment; or (3) Being regarded as having such an impairment.

"Substantially limits" is defined under West Virginia Code of State Rules § 77-1-2.5 (1994) as "[t]he inability to perform a major life activity that the average person in the general population can perform" or "[a] significant restriction as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major activity."

On appeal, Mr. Ferguson advances three interrelated assignments of error. First, he contends that the circuit court erred by failing to apply the appropriate standard of review under West Virginia Rule of Civil Procedure 56, requiring the facts favoring him to be accepted as true, resolving all ambiguities in his favor, and drawing all factual inferences in his favor. Mr. Ferguson claims that if the circuit court had done so, it would have found that he had a disability and was regarded as having a disability by his employer. He alleges that there was clear, uncontroverted evidence that he had a disability when he was on paid medical leave and was medically precluded from working, but it was during that time that the City of Richwood hired three new employees so that they were adequately staffed without him, effectively replacing him while he was on leave. The City of Richwood also changed its procedures and reporting forms during his medical leave, did not re-train him upon his return, and then disciplined and fired him over his noncompliance as a pretext. His complaint specifically alleged that this conduct was effective termination during his leave of absence while he was protected.

Mr. Ferguson also claims the circuit court ignored evidence regarding his disability after he returned to work, including his restriction to lifting less than 50 pounds. Just prior to his heart attack, he had been moving an 800-pound drum of chemicals on a dolly, for example. After his return to work, he would have had to ask co-workers for help with such tasks. He argues that the trial court unfairly summarized his testimony to state that his job

4

was not very physically demanding, and that the court's conclusion, without authority, that his lifting restriction "would not distinguish Plaintiff much from the general population" violated the summary judgment standard that evidence must be examined in the light most favorable to the non-movant. Consequently, Mr. Ferguson argues that the circuit court inappropriately ignored evidence that he had a disability and was clearly regarded by the City of Richwood as having a disability because it knew he had a heart attack, was completely unable to work while on medical leave, and then unfairly replaced him by hiring three new employees and fired him upon his return to work for pretextual reasons.

For his second assignment of error, Mr. Ferguson further argues that the circuit court usurped the jury's role in deciding the question of whether a disability existed. Here, he contends that because there was a disputed issue of fact as to whether the City of Richwood regarded Mr. Ferguson as having a disability, the circuit court should have let the jury decide the issue rather than summarily concluding that the City could not have regarded him as disabled because it allowed him to return to work.

Finally, Mr. Ferguson argues that the circuit court erred because it incorrectly assumed that an employee cannot have a "disability" under the West Virginia Human Rights Act if he is able to perform his job. The circuit court asked Mr. Ferguson's counsel at the summary judgment hearing, "[h]ow can you say that he had a major limitation when he went back to work and could do his job?" Mr. Ferguson argues that this question indicates that the circuit court misunderstood the protections afforded to qualified individuals with a disability, and asserts that the ability to perform the job is not a basis for disqualification from protection.

Upon review, however, we find no merit in these arguments and no error in the circuit court's grant of summary judgment. As plaintiff, Mr. Ferguson's burden in defending against the motion for summary judgment was to "make some showing of fact which would support a prima facie case for his claim." Syl. Pt. 2, *Conaway v. E. Assoc. Coal Corp.*, 178 W. Va. 164, 168, 358 S.E.2d 423, 427 (1986). The circuit court found that there was no dispute as to any material fact and concluded that the pertinent issue before it was a question of law, i.e., whether Mr. Ferguson presented any facts to support a prima facie case of disability discrimination under the West Virginia Human Rights Act. Accordingly, the circuit court found that the question of whether Mr. Ferguson offered proof that he had a disability was properly before it since a showing of disability is a required element of a prima facie case of disability discrimination. We agree with this analysis.

We also agree that Mr. Ferguson failed to present evidence that he had a disability as it is defined under West Virginia Code § 51-11-3(m). He did not present evidence that he suffered from any mental or physical impairment that substantially limited one or more of his major life activities, such as caring for himself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working. He testified that his job was "not

5

very physical" and that he was not "required to lift heavy things." He testified that his 50-pound lifting restriction did not limit his ability to work. He further testified that his other activities of daily life were not affected by his heart attack or heart disease, including agreeing that there was nothing he was unable to do after medical leave that he had done prior.

We also find that Mr. Ferguson failed to present evidence that his employer regarded him as disabled. In order to prove that the City of Richwood regarded him as disabled, Mr. Ferguson must make a showing that the city mistakenly believed him to have a physical limitation affecting his ability to lift or work. *See Reynolds v. Am. Nat'l. Red Cross*, 701 F.3d 143, 153 (4th Cir. 2012). Instead, Mr. Ferguson testified that his employer knew he had a restriction on lifting more than 50 pounds, but that the City of Richwood accommodated his restriction by telling him that "anytime [he] needed help, to get [a co-worker] to come in and lift any bags or do any heavy work or any heavy lifting" that was needed, but he "ended up not needing any help because everything was already there and ready to go." He admitted that his employer left his position open to him after his heart attack, that he returned to work as soon as he was medically cleared, and he was never criticized for his lifting restriction. His only argument in support of his allegation that the City of Richwood regarded him as disabled is that it hired three people to "replace" him while he was on sick leave. However, each of the new hires was made for a different position than Mr. Ferguson's, including a temporary Chief Operator to replace Ms. Cogar, an Assistant Chief Operator who would eventually assume the role of Chief Operator, and another employee who was hired to work in water distribution. There is no evidence in the record that any of these new hires were intended to replace Mr. Ferguson, and we find this allegation unpersuasive.

Consequently, we find that Mr. Ferguson failed to make any showing of facts that would support a prima facie case of disability discrimination as required. Consequently, there is no issue remaining for a jury's consideration and the City of Richwood is entitled to judgment as a matter of law.

Accordingly, we affirm the circuit court's November 2, 2022, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen